FOLDEN, PLAINTIFF-APPELLEE, v. FOLDEN, DEFENDANT-APPELLANT.

Ohio Appeals, Fourth District, Meigs County.

No. 204.   Decided May 10, 1962.

*Messrs. Webster & Fultz*, for appellee.
*Messrs. Crow, Crow & Porter*, for appellant.

COLLIER, J.   This action was instituted in the Common Pleas Court of Meigs County by Richard F. Folden, Plaintiff-Appellee, herein designated the plaintiff, against Nona Marguerite Folden, the defendant-appellant, herein designated the defendant, for

the forfeiture of the life estate of the defendant in certain real property described in the amended petition for waste alleged to have been committed by her. Calvin Bruce Simpson, Jr., a minor, was made a party defendant but has made no appearance in the case.

The amended petition was filed under favor of Section 2105.20, Revised Code, in which it is alleged that the parties were former husband and wife; that as a part of a separation agreement executed October 28, 1958, the plaintiff deeded to the defendant a life estate in said real property with a remainder interest therein to one Calvin Bruce Simpson, Jr., a minor, upon the death of both the plaintiff and defendant; that the defendant has failed and neglected to maintain and repair the dwelling house on said real property in certain alleged specific details and by reason thereof the defendant has forfeited her life estate in said property. The prayer of the petition is that the life estate of the defendant in said real property be declared forfeited; that the plaintiff be granted a life estate in said property immediately succeeding the life estate of the defendant.

The defendant, in her answer, admits she has a life estate in said property as alleged by the plaintiff but denies all other allegations of the amended petition. The hearing before the Common Pleas Court resulted in a judgment in favor of the plaintiff and against the defendant. The appeal to this court has been designated an appeal on law and fact, but since the proceeding is prescribed by statute, it is a special proceeding at law. Counsel in their briefs have treated the appeal as one on questions of law and we will consider the cause in the same manner.

Defendant claims three principal errors in the trial of the case. (1) Error in overruling defendant's demurrer to plaintiff's amended petition, (2) That the judgment is contrary to law and against the manifest weight of the evidence, (3) Error in the rejection of evidence.

Under the first assignment of error, defendant claims that the plaintiff does not have the capacity to maintain this action under Section 2105.20, Revised Code. That plaintiff is neither "a person having the immediate estate in reversion or remainder," as prescribed in Section 2105.20, Revised Code, which reads, in part, as follows:

"A tenant for life in real property who commits or suffers waste thereto shall forfeit that part of the property, to which such waste is committed or suffered, *to the person having the immediate estate in reversion or remainder* and such tenant will be liable in damages to such person for the waste committed or suffered thereto."

Reversion has been defined as "The residue of an estate left in the grantor, who commences in possession after the termination of a particular estate granted out by him." Bouvier's Law Dictionary. See also 20 Ohio Jurisprudence (2d), 356, Section 117, "Estates." When a future interest is created in some person other than the grantor or transferor, such future interest is designated as a remainder. 20 Ohio Jurisprudence (2d), 362. In our opinion, the plaintiff, in the instant case, when he executed the deed conveying the real property to Calvin Bruce Simpson, Jr., in fee simple, subject to a life estate of both himself and the defendant, thereby created a reversion in himself; that if the life estate of the defendant is terminated, the plaintiff is the person having the immediate estate in reversion and thus the plaintiff falls within the provisions of Section 2105.20, Revised Code. The Trial Court did not commit error in overruling defendant's demurrer to plaintiff's amended petition.

Was the judgment of the Common Pleas Court against the manifest weight of the evidence, as claimed under the second assignment of error? The plaintiff is seeking a forfeiture of defendant's life estate in the property under the provisions of Section 2105.20, Revised Code, and not damages as therein provided. Such action was unknown to the common law and was first authorized by statute in Ohio in 1884. Since the present action is a special statutory proceeding and forfeitures, generally, are not favored by the law, the evidence must be strictly construed.

The separation agreement of the parties, by the terms of which the defendant was given a life estate in this property, contains a provision that defendant is not to reside in the dwelling on the property but may use it only for rental purposes. The defendant has received the sum of $40.00 per month rent therefrom since she has been in possession. Each party

called a building contractor to testify as to the condition of the dwelling and the repairs necessary to place the building in "A-1 shape." Plaintiff's witness estimated it will require approximately $1400.00 to repair the building and the estimate of the defendant's witness is much less. Without attempting to list the items of repair referred to by these witnesses, suffice it to say they consist of painting, sanding floors, repairing windows, doors, screens, window blinds, plumbing, down spouts, etc. All items were more or less of a minor nature and no major repairs were specified. On the date of the trial some of these repairs and replacements had been made by the defendant.

After a careful examination of the record and considering the nature of the relief sought, that forfeitures are not favored, the amount of rentals received by the defendant, which is actually less than the amount claimed by plaintiff for repairs, and that the evidence must be strictly construed in an action of this kind, we are compelled to conclude that the evidence in this case is not sufficient to justify a drastic order of forfeiture of defendant's life estate in the property described in the amended petition. Most, if not all of the items of disrepair complained of are the result of fair wear and tear in rental property. There is no evidence showing immediate danger of destruction of the dwelling as result of defendant's neglect. Our conclusion is that the judgment must be reversed as being against the manifest weight of the evidence.

We find no error in the rejection of testimony as claimed by the defendant in her third assignment of error. The defendant has a duty to maintain said property in reasonable repair and she cannot avoid liability for the alleged commission of waste by attempting to pass the responsibility to her tenant to give her notice of any needed repairs.

The judgment is reversed and this cause is remanded to the Common Pleas Court for further proceedings as provided by law.

Judgment reversed and cause remanded.

RADCLIFF, P. J., and BROWN, J., concur.